IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| James Regan and Mason Underwood, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 2:16-cv-1077-RMG |
| v. | ) ) | |
| City of Hanahan, | ) ) | **AMENDED ORDER and OPINION** |
| Defendant. | ) ) ) | |

James Regan and Mason Underwood filed this class and collective action on behalf of themselves and all others similarly situated against Defendant City of Hanahan (the "City"), alleging violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201-219 and the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, et. seq. ("SCPWA"). Regan, Underwood, and all of the filed Opt-Ins to date (together "Plaintiffs") have filed a motion for Conditional Class Certification and authorization of notice to putative class members ("Notice") under Section 16(b) of the FLSA. (Dkt. Nos. 46, 46-1.) For the reasons set forth below, the court **GRANTS in part and DENIES in part** Plaintiffs' Motion for Conditional Certification and Notice.

## I. Background

The City of Hanahan employed Plaintiffs as Firefighters and EMS personnel. Plaintiffs allege that the City administered two payment plans which violated the FLSA. The first payment plan, which was in place through July 2015, allegedly incorporated illegal sleep time and meal

time deductions.[1] The City implemented a new payment plan in July 2015. Under this plan, Plaintiffs allege that the City did not compensate them for overtime work as required under the FLSA because it inappropriately took advantage of the overtime exception available under 29 U.S.C. § 207(k) for employees responsible for fire protection.

Plaintiffs have asked the court to certify this matter as a collective action for actual damages, liquidated damages, and attorneys' fees and costs under 29 U.S.C. § 216(b) and to define the following two subclasses:

> Subclass One: For individuals employed within the time frame of three years prior to their joining the lawsuit through July 1, 2015: All individuals employed by Defendant in its Fire Department, who were non-exempt employees (paid an hourly wage) and who did not receive overtime compensation of at least one and one-half (1.5) times their regular hourly wage for all overtime hours;

> Subclass Two: For individuals employed from July 1, 2015 to the present: All individuals employed by Defendant in its Fire Department, but were assigned to EMS ("on the box"), who were non-exempt employees (paid an hourly wage) and who worked in excess of forty (40) hours in any given work week, but who did not receive overtime compensation of at least one and one-half (1.5) times their regular hourly wage for all overtime hours.

(Dkt. No. 46-1 at 5.)

## II. Legal Standard

Under the FLSA, an action may be maintained by any one or more employees against an employer on behalf of themselves and "other employees similarly situated." 29 U.S.C. § 216(b). This Court follows a two-step approach to decide whether employees are "similarly situated." The first step is notice. If this Court determines that notice should be given to potential members of the class, it will conditionally certify the class to facilitate notice and allow individuals to opt-in to the class action. *Purdham v. Fairfax Cty. Pub. Sch.*, 629 F. Supp. 2d 544, 547 (E.D. Va. 2009). Although Plaintiffs' burden at this stage is not particularly onerous, conditional class

---

[1] The City claims that it has not deducted any meal time since the 1990s. (Dkt. No. 51 at 1 n.1.) The City also maintains that all of its sleep time deductions were legal. (*Id.* at 5.)

certification is not a rubber stamp: this Court will not facilitate notice unless the facts and circumstances of the case indicate that a class of employees exists that is made up of individuals who are similarly situated as "victims of a common policy or plan that violated the law." *Id.* at 548 (quoting *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 563 (E.D.Va.2006) (citations omitted)). The second step is final class certification. After discovery is completed, the Court determines whether Plaintiffs have met their burden of demonstrating that the class is similarly situated. If so, the Court will then certify the class.

### III. Discussion

#### a. Subclass One

The City has consented to the conditional certification of Subclass One (Dkt. No. 51 at 2). The City has also consented to appropriate Notice for Subclass One subject to the City's minor, reasonable edits which pertain primarily to the removal of Subclass Two. (Dkt. No. 51-6.)

#### b. Subclass Two

The City has objected to the conditional class certification of Subclass Two on the grounds that the pay plan in place from July 2015 to the present did not violate the law. Specifically, the City argues that Plaintiffs' allegation that, under the plan, they were not paid overtime for all hours over forty worked per week is not sufficient to demonstrate that they were subject to an illegal policy or plan because they are subject to the increased overtime threshold under 29 U.S.C. § 207(k)[2]. The exemption in Section 207(k) applies to employees "in fire protection activities." An "employee in fire protection activities" includes

---

[2] "No public agency shall be deemed to have violated subsection (a) with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions) if (1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the

> an employee, including a firefighter, paramedic, emergency medical technician, rescue worker, ambulance personnel, or hazardous materials worker, who . . . is trained in fire suppression, has the legal authority and responsibility to engage in fire suppression, and is employed by a fire department of a municipality, county, fire district, or State; and is engaged in the prevention, control, and extinguishment of fires or response to emergency situations where life, property, or the environment is at risk.

29 U.S.C. § 203(y). Because all but one of the Plaintiffs have indicated that their duties include(d) fire suppression, the City asserts that they are subject to the overtime exemption in Section 207(k). (Dkt. No. 51 at 9-10.) Plaintiffs have responded to the City's objection to conditional certification of Subclass Two as follows:

> Defendant's argument is that Plaintiffs' allegations do not rise to a violation of law. ECF 51, p.6. To support this argument, Defendant cites a statute, 29 U.S.C. § 203(y) and a DOL rule, DOL FINAL RULE, 76 FR 18832-01 at *18835 - *18837. (ECF 51, pps. 8-9). Defendant fails to cite a single court opinion upholding either. . . . In *Cleveland v. City of Los Angeles*, 420 F.3d 981 (9th Cir. 2005), the court addressed the issue of whether the fire suppression exemption (203(y)) would be applied to individuals trained in both fire suppression and advanced life-saving. *Id.*, at 983. Apparently during oral argument in *Cleveland*, the parties agreed that the case turned on whether Plaintiffs had the *responsibility* to engage in fire suppression as required by 29 C.F.R. § 553.210(a)(3) and 29 U.S.C. § 203(y)(2). *Id.*, at 989. Plaintiffs contend that when they were assigned to the EMS Division they did not have the responsibility to engage in fire suppression. See Affidavit of Regan (ECF 46-4, ¶¶ 4 and 8). This is enough for Plaintiffs to meet the low hurdle of *Conditional Certification.*

While chiding the City for failing to cite any case in support of its argument that the Section 207(k) exception applies, Plaintiffs rely on a single case - *Cleveland v. City of*

---

lesser of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to section 6(c)(3) of the Fair Labor Standards Amendments of 1974) in tours of duty of employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975; or (2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in clause (B) of paragraph (1)) bears to 28 days, compensation at a rate not less than one and one-half times the regular rate at which he is employed." 28 U.S.C. §207(k).

*Los Angeles,* 420 F.3d 981 (9th Cir.2005) – that has been distinguished by the Eleventh Circuit on facts apparently similar to those at issue here. *Gonzalez v. City of Deerfield Beach, Fla.,* 549 F.3d 1331, 1335–36 (11th Cir. 2008) (distinguishing *Cleveland* because the plaintiffs in *Cleveland* "could not be ordered to engage in fire suppression; they could *volunteer* to assist firefighters at a fire scene, but they were not required to do so and were not subject to discipline for failing to do so.")

Most of the Plaintiffs have indicated that their duties included fire suppression, and it appears to the Court that they were expected to and dispatched to fight fires as part of their jobs so fall within the overtime exemption under Section 207(k). *Lawrence v. City of Philadelphia, Pa.,* 527 F.3d 299 (3d Cir. 2008) (holding that fire service paramedics, who were not expected to or dispatched to fight fires as part of their job duties did not have responsibility to engage in fire suppression, as required to fall within overtime exemption). Plaintiffs' allegation that they were not paid overtime for hours worked over forty per week may be legally insufficient to establish that they were similarly situated as victims of an illegal policy or plan. For this reason, the Court will deny without prejudice Plaintiff's motion to conditionally certify Subclass Two to afford Plaintiffs the opportunity to provide discovery on this issue guided by the factors the courts considered in *Gonzalez, Lawrence*, and *Cleveland.*

### c. Notice

Plaintiffs have proposed a Notice to potential class members outlining the options available to them with regard to their FLSA claims. The parties do not substantially disagree on the content of the notice but disagree about the method(s) by which the Notice should be communicated to potential members of the class. Plaintiffs have asked for the notice to be

distributed by mailing, email, and text message. (Dkt. No. 46-1 at 7-8.) The City claims that it may not have email addresses or phone numbers for potential members of the class and proposes communicating the Notice by mail only. Plaintiffs' request that notice be distributed via direct mail, email and text messaging is reasonable because, in today's mobile society, individuals are likely to retain their mobile numbers and email addresses even when they move. Therefore, the Court approves Notice via regular mail, email and text messaging. As the parties have consented, this Court orders them to use Simpluris as the Third-Party Administrator to communicate the Notice. In order to facilitate proper dissemination of the approved Notice, the Court orders and directs the City to provide Simpluris (within 14 days of this Order) the following information in excel format for each individual employed during the time period relevant to Subclass One.[3]

1. Full legal name;

2. Dates of employment;

3. Most current cell phone number;

4. Most current home phone number (if different);

5. Most current email address; and

6. Most current permanent mailing address.

## IV. Conclusion

The Court **GRANTS** conditional class certification for Subclass One. Notice shall be given by mail, email, and text message. The mailed Notice shall incorporate the City's minor and reasonable edits as outlined in Dkt. No. 51-6 which primarily pertain to the removal of mention of Subclass Two.

---

[3] The Court's original order inadvertently referred to "Subclass Two." The Court denied conditional class certification for Subclass Two and intended to refer to Subclass One here.

The Court **DENIES without prejudice** Plaintiffs' motion for conditional certification of Subclass Two. Plaintiffs are ordered to provide discovery on this issue guided by the factors considered in *Gonzalez, Lawrence*, and *Cleveland* and to file a supplemental brief by May 4, 2017. The City will have the opportunity to reply.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April ___/7___, 2017
Charleston, South Carolina