IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James Regan and Mason Underwood, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>City of Hanahan,<br><br>Defendant. | Civil Action No. 2:16-cv-1077-RMG<br><br>**ORDER and OPINION** |

Plaintiffs moved for Conditional Class Certification for Subclass One and Subclass Two. (Dkt. Nos. 46, 46-1.) On April 18, 2017, this Court granted Plaintiffs' motion for Conditional Class Certification of Subclass One and denied the motion without prejudice for Subclass Two, ordering the parties to submit supplemental briefing on Subclass Two. (Dkt. No. 57.) Plaintiffs filed a renewed motion for Conditional Class Certification of Subclass Two. (Dkt. No. 58.) For the reasons set forth below, Plaintiffs' motion for Conditional Class Certification of Subclass Two is denied.

### I. Background

James Regan and Mason Underwood filed this class and collective action on behalf of themselves and all others similarly situated ("Plaintiffs") against Defendant City of Hanahan (the "City"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, et. seq. ("SCPWA"). Specifically, Plaintiffs allege that the City, which employed them as firefighters and EMS personnel, administered two payment plans that violated the FLSA. The first payment plan, which was in place through July 2015, allegedly incorporated illegal sleep time and meal time

1

deductions. The City implemented a new payment plan in July 2015 which Plaintiffs allege did not compensate them for overtime work as required under the FLSA.

Plaintiffs have asked the court to certify this matter as a collective action for actual damages, liquidated damages, and attorneys' fees and costs under 29 U.S.C. § 216(b) and to define two subclasses. The Court granted Plaintiffs' motion for Conditional Class Certification of Subclass One and ordered the parties to submit supplemental briefing about Subclass Two in light of three decisions from different Circuit Courts of Appeals: *Gonzalez v. City of Deerfield Beach, Fla.*, 549 F.3d 1331 (11th Cir. 2008); *Lawrence v. City of Philadelphia, Pa.*, 527 F.3d 299 (3d Cir. 2008); and *Cleveland v. City of Los Angeles*, 420 F.3d 981 (9th Cir. 2005). (Dkt. No. 57.) Both parties have submitted supplemental briefs, so the Court now considers Plaintiff's motion for conditional class certification of Subclass Two.

> Subclass Two: For individuals employed from July 1, 2015 to the present: All individuals employed by Defendant in its Fire Department, but were assigned to EMS ("on the box"), who were non-exempt employees (paid an hourly wage) and who worked in excess of forty (40) hours in any given work week, but who did not receive overtime compensation of at least one and one-half (1.5) times their regular hourly wage for all overtime hours.

(Dkt. No. 46-1 at 5.) The City objects to conditional class certification of Subclass Two, arguing that the pay plan in place from July 2015 did not violate the law because Plaintiffs had the "legal authority and responsibility to engage in fire suppression" so were subject to the FLSA's overtime exemption under 29 U.S.C. § 207(k).

**II. Legal Standard**

Under the FLSA, an action may be maintained by any one or more employees against an employer on behalf of themselves and "other employees similarly situated." 29 U.S.C. § 216(b). This Court follows a two-step approach to decide whether employees are "similarly situated." The first step is notice. If this Court determines that notice should be given to potential members

2

of the class, it will conditionally certify the class to facilitate notice and allow individuals to opt-in to the class action. *Purdham v. Fairfax Cty. Pub. Sch.*, 629 F. Supp. 2d 544, 547 (E.D. Va. 2009). Although Plaintiffs' burden at this stage is not particularly onerous, conditional class certification is not a rubber stamp: this Court will not facilitate notice unless the facts and circumstances of the case indicate that a class of employees exists that is made up of individuals who are similarly situated as "victims of a common policy or plan that violated the law." *Id.* at 548 (quoting *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 563 (E.D.Va.2006) (citations omitted)). The second step is final class certification. After discovery is completed, the Court determines whether Plaintiffs have met their burden of demonstrating that the class is similarly situated. If so, the Court will then certify the class.

### III. Discussion

The FLSA imposes certain overtime pay requirements on employers of non-exempt employees. 29 U.S.C. § 207(a). Section 207(k) partially exempts certain employers of employees "in fire protection activities" from this overtime pay requirement, imposing an increased overtime threshold over a longer work period of seven to twenty-eight days. The First Circuit Court of Appeals has explained the purpose and effect of the Section 207(k) exemption:

> The effect of the § 207(k) partial exemption is to soften the impact of the FLSA's overtime provisions on public employers in two ways: it raises the average number of hours the employer can require law enforcement and fire protection personnel to work without triggering the overtime requirement, and it accommodates the inherently unpredictable nature of firefighting and police work by permitting public employers to adopt work periods longer than one week.

*O'Brien v. Town of Agawam*, 350 F.3d 279, 290 (1st Cir. 2003). Previously, under 29 C.F.R. § 553.212, individuals like Plaintiffs who spent more than twenty percent of their working time performing nonexempt activities (in this case, paramedic duties) did not fall under the Section 207(k) overtime exemption. In 1999, Congress amended the FLSA to "clarify the overtime

3

exemption for employees engaged in fire protection activities." Pub. L. No. 106-151, 113 Stat. 1731 (codified as amended at 29 U.S.C. § 203(y)). Under 29 U.S.C. § 203(y), the following employees are, by definition, considered to be involved "in fire protection activities" for the purposes of the Section 207(k) exemption:

> an employee, including a firefighter, paramedic, emergency medical technician, rescue worker, ambulance personnel, or hazardous materials worker, who . . . is trained in fire suppression, has the legal authority and responsibility to engage in fire suppression, and is employed by a fire department of a municipality, county, fire district, or State; and is engaged in the prevention, control, and extinguishment of fires or response to emergency situations where life, property, or the environment is at risk.

The Fifth Circuit Court of Appeals and the Eleventh Circuit Court of Appeals have held that Section 203(y) renders 29 C.F.R. § 553.212 obsolete. *Gonzalez v. City of Deerfield Beach, Fla.*, 549 F.3d 1331, 1336 (11th Cir. 2008); *McGavock v. City of Water Valley, Miss.*, 452 F.3d 423, 428 (5th Cir. 2006). As the Fifth Circuit explained, "The only purpose of Congress in amending the statute that is clear to us, is that it intended all emergency medical technicians (EMTs) trained as firefighters and attached to a fire department to be considered employees engaged in fire protection activities even though they may spend one hundred percent of their time responding to medical emergencies." *McGavock*, 452 F.3d at 427.

Plaintiffs concede that potential members of Subclass Two were, at various times, assigned to the fire truck. According to their Second Amended Complaint, named Plaintiffs Regan and Underwood were both assigned "[a]t various times" to either the Fire Department or EMS Division." (Dkt. No. 38 at 4.) Brent Spearman sometimes engaged in fire suppression two times per month but was "almost always" assigned to the ambulance. (Dkt. No. 58-2 at 1.) Cody Williams sometimes engaged in fire suppression one time per month. (Dkt. No. 58-3 at 1.) When asked to describe their job duties in their own words, almost all Plaintiffs indicated that their

4

responsibilities included fire suppression. (Dkt. No. 51-1.) While most Plaintiffs were rarely assigned to the fire truck, they apparently could have been assigned to the truck on any given shift. Plaintiffs also concede that when they were assigned to the fire truck, they had the responsibility to engage in fire suppression.

This Court need only find that Plaintiffs had the responsibility to engage in fire suppression but finds that Plaintiffs actually engaged in fire suppression at various intervals.[1] For this reason, the Court need not conduct a factor-by-factor analysis to determine whether Plaintiffs had the responsibility to engage in fire suppression as it is abundantly clear that they did. *Gonzalez v. City of Deerfield Beach, Fla.*, 549 F.3d 1331, 1335 (11th Cir. 2008) (finding that Plaintiffs had the responsibility to engage in fire suppression even it was "unlikely" that they would be called to do so).

Despite these concessions, Plaintiffs argue that potential members of Subclass Two only fall under the Section 207(k) exemption during the times they were assigned to the fire truck but not during the times they were assigned to the ambulance. (Dkt. No. 58 at 3.) Plaintiffs have "acknowledge[d] that this [sub]class may be limited to the time when the Plaintiffs were assigned to the ambulance only." (Dkt. No. 68 at 4.) That position is untenable. Allowing potential members of Subclass Two to proceed on claims limited to the period of time when they were assigned to the ambulance would defeat the purpose of the Section 207(k) exemption which is to allow employers to adopt work periods longer than seven days for employees, like Plaintiffs, who are responsible for fire suppression. As the exemption applies an increased overtime threshold to work periods between seven and twenty-eight days, it would not be

---

[1] As dual-function paramedic firefighters, Plaintiffs generally worked shifts of twenty-four hours on, forty-eight hours off. (Dkt. No. 38 at 5.) This is the typical schedule for a firefighter in America. Some Plaintiffs were therefore assigned to fire suppression for one or two shifts per month out of a total of ten or eleven shifts. *See* U.S. Bureau of Labor Statistics: Firefighters, Work Environment, available at https://www.bls.gov/ooh/Protective-Service/Firefighters.htm#tab-3.

5

feasible to calculate an employee's overtime entitlement under the standard 40-hour workweek for the few shifts per month he was assigned to the ambulance and to simultaneously calculate his overtime entitlement under the Section 207(k) exemption.

## IV. Conclusion

For the reasons set forth above, Plaintiffs' motion for Conditional Class Certification of Subclass Two is denied.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 2 6, 2017
Charleston, South Carolina